IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**KATIE YOUNG**     **PLAINTIFF**

v.     **CIVIL ACTION NO.: 3:25-cv-49-JMV**

**TOWN OF COFFEEVILLE**     **DEFENDANT**

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Town of Coffeeville's motion for summary judgment [Dkt. 29], Plaintiff's response in opposition [Dkt. 35], and Defendant's reply. [Dkt. 37]. For the reasons stated below, the motion is denied.

Background and Procedural History

Plaintiff filed her complaint on February 12, 2025. [Dkt. 1]. In her *pro se* complaint, Plaintiff alleged:

> **FACTS:**
>
> **What happened to you?** Town of Coffeeville -(Mayor) stated to me to stop talking about ~~God~~ GOD. Town of Coffeeville (Mayor) stated to me on September 18, 2024 to stop talking about GOD or you will not be able to finish your intership ~~at Town of Coffeeville~~. at Town of Coffeeville.

Complaint [Dkt. 1] at 4.

Plaintiff asserts that the forgoing gives rise to a claim for violation of: rights have been violated.

~~My~~ First Amendments & (Discrimination / Religion)

*Id.* at 3.

On May 19, 2025, Defendant answered the complaint, essentially denying the same. [Dkt. 16]. On July 16, 2025, a Case Management Order [Dkt. 23] was entered marking the inception of the anticipated six-month discovery period. Two weeks later, on July 30, 2025, Defendant filed the present motion for summary judgment [Dkt. 29], resulting in a stay of discovery [Dkt. 32] pending a ruling on the motion.[1]

In its motion for summary judgment, Defendant asserts: Plaintiff was advised by the mayor that she was free to speak to whomever she chose about her religion; however, she could not do so on town property. Notwithstanding the mayor's warning, Plaintiff continued to approach private citizens to speak about her religion, while on town property, and during her internship hours. *See* [Dkt. 29].

Defendant asserts these facts entitle it to summary judgment for two reasons: first, it asserts that it is immune under the Eleventh Amendment to the United States Constitution, for claims against it based on 42 U.S.C. § 1983 (hereinafter sometimes referred to as a "1983 claim"); and second, it argues it is entitled to summary judgment on Plaintiff's Section 1983 claim because she suffered no actual injuries.

---

[1] Because the Defendant's motion raised an immunity defense, a stay of discovery was put into effect by the undersigned pursuant to Local Uniform Rule of Civil Procedure 16(b)(3). [Dkt. 32].

On August 5, 2025, Plaintiff filed her response [Dkt. 35] to the instant motion, wherein she asserts that her claim under Section 1983 for violation of her First Amendment rights is not subject to Eleventh Amendment immunity, and that she did in fact suffer actual harm in that she was "removed from the internship, publicly discouraged for expressing her faith and had to complete hours at a different site," all of which she contends, "caused emotional distress and constitutional injury." [Dkt. 35] at 5.

By way of its reply [Dkt. 37] in support of its instant motion, Defendant again asserts that Plaintiff has not demonstrated admissible evidence that she suffered actual harm as a result of the complained of conduct. In addition, it raises, for the first time, the argument that Plaintiff cannot survive a summary judgment on her Section 1983 claim because she "failed to prove that when Mayor Shelton instructed Plaintiff to cease speaking about her religion on town property that said action was pursuant to any sort of policy, ordinance, regulation or decision, implemented by Defendant Town" citing to *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), 659. [Dkt. 37] at 4. Defendant states that "The language of § 1983, read against the background of the same legislative history, compels the conclusion that Congress did not intend municipalities to be held liable **unless action pursuant to official municipal policy of some nature caused a constitutional tort.** A municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." [Dkt. 37] at 6 (emphasis in original).

Analysis

First, Defendant is simply mistaken in its assertion that it is entitled to Eleventh Amendment immunity against a constitutional claim pursued under 42 USCA § 1983. Under Eleventh Amendment jurisprudence, only political subdivisions that "stand[] in the shoes of the

3

state itself" benefit from sovereign immunity. *Evans v. City of Bishop*, 238 F.3d 586, 589 (5th Cir. 2000) (per curiam). The Eleventh Amendment's protections do not extend to political entities that have an identity sufficiently distinct from that of the state, which includes lesser governmental entities such as counties and municipalities. *Jones v. Tyson Foods, Inc.*, 971 F. Supp. 2d 671, 677 (N.D. Miss. 2013) (*citing Black v. N. Panola Sch. Dist.*, 461 F.3d 584, 596 (5th Cir. 2006)), *see also, Williams v. Dallas Area Rapid Transit*, 242 F.3d 315, 320 (5th Cir. 2001) ("[I]t is undisputed that municipalities are not arms of the state for purposes of the Eleventh Amendment."). An entity asserting sovereign immunity bears the burden of demonstrating that it is an "arm of the state." *Bonin v. Sabine River Auth.*, 65 F.4th 249, 253 (5th Cir. 2023). Defendant provides no evidence to support that it is an arm of state, only citing to cases involving universities, not municipalities, and neglects to apply the applicable tests.[2] Thus, Defendant's assertion of sovereign immunity fails.

Second, as for the assertion by Defendant that Plaintiff has no actual injury, I note that Plaintiff asserts she was injured. While it was not alleged to have been in the form of lost wages, under applicable case law, no monetary damage is required to support a claim for a constitutional violation pursued via Section 1983. *Carey v. Piphus*, 435 U.S. 247, 264 (1978) (finding mental and emotional distress constitute compensable injury in Section 1983 cases).

---

[2] When confronted with a governmental entity asserting Eleventh Amendment immunity as an arm of the state, courts in the Fifth Circuit apply the test established in *Clark v. Tarrant County,* 798 F.2d 736 (5th Cir. 1986). The Clark test considers six factors:
(1) whether the state statutes and case law characterize the agency as an arm of the state;
(2) the source of funds for the entity;
(3) the degree of local autonomy the entity enjoys;
(4) whether the entity is concerned primarily with local, as opposed to statewide, problems;
(5) whether the entity has authority to sue and be sued in its own name; and
(6) whether the entity has the right to hold and use property.
*Williams*, 242 F.3d at 319.

Third, Defendant's motion for summary judgment is premature, as the *pro se* Plaintiff has had little to no opportunity to engage in discovery due to the court-imposed stay brought about by the Defendant's assertion of the immunity defense in the instant motion. Summary judgment should only be entered "after adequate time for discovery[.]" *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). At the present time, it is premature to require the Plaintiff to present summary judgement type evidence without adequate time to engage in discovery. *See Whitfield v. Mississippi Bureau of Narcotics*, No. 3:17-cv-987-HSO-JCG, 2019 WL 6534144, at *4 (S.D. Miss. Dec. 4, 2019) ("Because neither party has had adequate time to complete discovery, Plaintiff's Motion [ ] for Summary Judgment should be denied without prejudice as premature."); *Gooden v. Jackson Public Schools*, No. 3:12-cv-798, 2013 WL 1704016, at *2 (S.D. Miss. Apr. 19, 2013) (denying summary judgment as premature because plaintiff had not had the opportunity to engage in discovery); *Hudson v. Travelers Cas. & Sur. Co. of Am.*, No. 2:23-CV-197-TBM-RPM, 2025 WL 1737808, at *14 (S.D. Miss. June 23, 2025); *Kmart Corp. v. Kroger Co.*, 963 F. Supp. 2d 605, 610 (N.D. Miss. 2013).

Finally, I find that Defendant's argument that there can be no liability absent an official policy or custom of the municipality is inappropriately raised for the first time in its reply brief and is not properly before this Court. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived."); *Wood v. N. Mississippi Health Servs., Inc.*, No. 1:20-CV-42-TBM-RP, 2023 WL 5662574, at *1 (N.D. Miss. Aug. 31, 2023); *McDaniel v. Miss. Baptist Med. Ctr.*, 869 F. Supp. 445, 453 (S.D. Miss. 1994) ("In the interest of fairness, Defendant should not be allowed to raise new grounds for the first time in its rebuttal to which Plaintiff will not have the opportunity to provide an adequate response.").

Moreover, while certainly, as alleged by Defendant, a custom or policy of the municipality must be found to have given rise to a constitutional deprivation in order to impose liability on a municipality, it should be noted:

> It is well-established that a single unconstitutional action by a municipal actor may give rise to municipal liability if that actor is a final policymaker. *Woodard v. Andrus,* 419 F.3d 348, 352 (5th Cir.2005). Accordingly, this "court's task is to 'identify those officials or governmental bodies who speak with final policymaking authority for the local governmental actor concerning the action alleged to have caused the particular constitutional or statutory violation at issue.' " *McMillian v. Monroe County,* 520 U.S. 781, 784–85, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997) (quoting *Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989)). This inquiry is specific to the particular action at issue, *see id.* at 785, 117 S.Ct. 1734, and depends on an analysis of relevant state and local law, *see Jett,* 491 U.S. at 737, 109 S.Ct. 2702.

*Bolton v. City of Dallas, Tex.*, 541 F.3d 545, 548 (5th Cir. 2008).

Stated differently, a plaintiff may prove the existence of a "custom or policy" in one of two ways. First, a pattern of unconstitutional conduct may be shown on the part of municipal actors or employees. *Zarnow v. City of Wichita Falls, Tex*., 614 F.3d 161, 169 (5th Cir. 2010). A pattern of conduct is necessary only where the municipal actors are *not* policymakers. Alternatively, it may be shown that a *final policymaker* took a single unconstitutional action. *Bolton*, 541 F.3d at 548.

In conclusion, and for the forgoing reasons, the instant motion for summary judgment [Dkt. 29] is DENIED, and the stay of discovery is hereby lifted.

**SO ORDERED** this, the 21st day of August, 2025.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**