**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KATIE YOUNG**                                                          **PLAINTIFF**

**vs.**                                                          **CAUSE NO. 3:25-CV-49-DAS**

**TOWN OF COFFEEVILLE**                                                          **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

Before the Court is Defendant Town of Coffeeville's Motion for Summary Judgment [102]. Having considered the motion, the response, the reply, the record, and the applicable law, the Court concludes that the motion should be granted.

I. FACTUAL BACKGROUND

Plaintiff Katie Young participated in an unpaid internship with the Town as part of a practicum requirement for her graduate program at Mississippi Valley State University. The internship began in August 2024 and consisted primarily of administrative duties at town hall.

The parties do not dispute that Young frequently spoke with town employees and visitors regarding her religious beliefs during business hours while serving as an intern. Young maintains that she was instructed by God to speak with certain individuals and to witness to them concerning her faith. The Town contends that Young repeatedly approached visitors conducting business at town hall and engaged them in unwanted religious discussions, resulting in complaints from citizens and customers.

On September 18, 2024, Mayor Shelton met with Young regarding these concerns. Young acknowledges that she refused to stop speaking about God during her internship and subsequently left to complete her remaining practicum hours elsewhere. She filed this action

alleging the Town violated her constitutional rights by directing her to cease the religious discussions.

## II. STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine only if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports her claim. *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014). Where a plaintiff fails to establish the existence of an essential element on which she bears the burden of proof at trial, summary judgment is required. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

## III. DISCUSSION

### A. Any Title VII claim fails as a matter of law.

From Young's complaint, it is unclear whether she intended to pursue a Title VII claim, a First Amendment claim under 42 U.S.C. § 1983, or both. In her response to the motion for summary judgment, she expressly disclaims reliance upon Title VII. To the extent a Title VII claim was asserted, it has since been abandoned. *See JCMB, LLC v. Bd. of Com. & Indus.*, 336 F. Supp. 3d 620, 634 (M.D. La. 2018). Even if not abandoned, the claim fails. Title VII applies only to employees. Remuneration is a threshold requirement for the existence of an employment relationship, and Young's internship was unpaid. *See Eagan v. Vibrant Church*, 2022 WL 4360540, at *2 (N.D. Miss. Sept. 20, 2022) ("If no remuneration is provided, the inquiry ends there.").

### B. The Town cannot be held liable under § 1983.

2

The sole defendant in this action is the Town of Coffeeville. Consequently, Young must satisfy the requirements for municipal liability under *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658 (1978). Municipalities are not vicariously liable under § 1983 for the acts of their employees. *Davidson v. City of Stafford*, 848 F.3d 384, 295 (5th Cir. 2017). Rather, a municipality may be liable only when a constitutional deprivation results from an official policy, custom, or action attributable to a final policymaker. *Monell*, 436 U.S. at 694; *Webb v. Town of St. Joseph*, 925 F.3d 209, 215 (5th Cir. 2019).

Young identifies no written policy, ordinance, regulation, widespread custom, or pattern of conduct adopted by the Town. Instead, her claim rests entirely upon statements allegedly made by Mayor Shelton during a single conversation concerning her internship. The difficulty for Young is that Mississippi law places final policymaking authority in the municipal Board of Aldermen rather than the mayor. *See Morris v. King*, 2020 WL 6196056, at *3 (S.D. Miss. Sept. 28, 2020); *Sockwell v. Town of Calhoun City*, 2019 WL 3558173, at *2 (N.D. Miss. Aug. 5, 2019). Young has produced no evidence that the Board of Aldermen directed, approved, ratified, or even knew of the conduct at issue.

Nor does this case fit within the "rare circumstances" under which a single decision may subject a municipality to liability. *Webb*, 925 F.3d at 215. Because the alleged conduct was that of a municipal official who was not the final policymaker for the Town, Young cannot establish municipal liability under § 1983. Summary judgment is therefore appropriate on this basis alone.

   C.  *Young has failed to establish an underlying First Amendment violation.*

Even assuming municipal liability could be established, Young has failed to demonstrate a constitutional violation. Courts evaluating First Amendment claims arising from internship relationships apply the framework governing public-employment speech claims. *Miller v.*

3

*Houston Cnty. Bd. of Educ.*, 2008 WL 696874, at *10 (M.D. Ala. Mar. 13, 2008). Under that framework, Young must establish that she suffered an adverse action, that she spoke as a citizen on a matter of public concern, that her interest in the speech outweighs the government's interest in the efficient provision of public services, and that protected speech caused the action. *Johnson v. Miller*, 126 F.4th 1020, 1029 (5th Cir. 2025). Young cannot satisfy these requirements.

The undisputed evidence demonstrates that Young voluntarily left the internship. She was informed that she could continue her internship if she stopped harassing citizens and visitors with unsolicited religious discussions while performing her internship duties. Rather than accept those conditions, she chose to leave and complete her practicum elsewhere. To the extent she contends she was constructively discharged, the record falls far short of the "so intolerable" standard required by the Fifth Circuit. *See Aryain v. Wal-Mart Stores Texas, LP*, 534 F.3d 473 (5th Cir. 2008).

Even assuming Young spoke as a citizen on a matter of public concern, the Town has demonstrated a legitimate governmental interest in regulating the manner in which that speech occurred. The record reflects that Young engaged visitors and customers while they were conducting municipal business at town hall, that complaints were received concerning those interactions, and that Young would interrupt her internship duties to engage in religious discussions. Balancing the interests at issue, the Town possessed a substantial interest in ensuring the efficient operation of city hall and protecting citizens from unwanted interruptions while conducting municipal business. *See Knight v. Connecticut Dep't of Pub. Health*, 275 F.3d 156, 164-65 (2nd Cir. 2001).

Finally, Young has failed to establish causation. The record demonstrates that the Town's concern was not the content of Young's religious beliefs and discussions but rather her conduct

4

in approaching and engaging visitors who did not wish to participate in those discussions. Customer complaints constitute legitimate grounds from governmental action. *See id.*; *Garcia v. Penske Logistics, LLC*, 631 F. App'x 204, 211 (5th Cir. 2015).

IV. CONCLUSION

Young has failed to produce evidence sufficient to establish either municipal liability under § 1983 or an underlying First Amendment violation. To the extent she asserted a Title VII claim, that claim has been abandoned and otherwise fails on the merits because she was an unpaid intern rather than an employee.

IT IS, THEREFORE, ORDERED that Defendant Town of Coffeeville's Motion for Summary Judgment is **GRANTED** and all claims asserted by Plaintiff Katie Young against Defendant Town of Coffeeville are **DISMISSED WITH PREJUDICE.** An order in accordance with this opinion shall issue this day.

SO ORDERED, this the 25th day of June, 2026.

/s/ David A. Sanders
**UNITED STATES MAGISTRATE JUDGE**