**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**KATIE YOUNG** **PLAINTIFF**

**vs.** **CAUSE NO. 3:25-CV-49-DAS**

**TOWN OF COFFEEVILLE** **DEFENDANT**

ORDER

Before the Court is Plaintiff Katie Young's Motion for Review of Clerk's Taxation of Costs and Request to Waive Taxed Costs [115]. Defendant Town of Coffeeville has filed a response in opposition [116]. The matter is ripe for review.

On June 25, 2026, the Court granted Defendant's Motion for Summary Judgment, dismissed Plaintiff's claims, and entered final judgment. Thereafter, Defendant filed a Bill of Costs seeking $958.50 in costs associated with Plaintiff's deposition. On July 23, 2026, the Clerk taxed costs against Plaintiff in the amount of $958.50.

Plaintiff does not challenge the amount of the costs taxed, the necessity of her deposition, or the reasonableness of the charges. Rather, Plaintiff asks the Court to waive the taxed costs based principally upon her unemployment, *in forma pauperis* status, pending applications for SSI and disability benefits, and the pendency of her appeal [115].

Federal Rule of Civil Procedure 54(d)(1) provides that, unless a federal statute, rule, or court order provides otherwise, costs other than attorney's fees should be allowed to the prevailing party. The Fifth Circuit has recognized a strong presumption in favor of awarding costs to the prevailing party. *Cheatham v. Allstate Insurance Co.*, 465 F.3d 578, 586 (5th Cir. 2006). Although a district court has discretion to deny or reduce costs, it must articulate a good reason for doing so. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006).

Here, Defendant is the prevailing party, having obtained summary judgment on Plaintiff's claims. The costs taxed by the Clerk concern Plaintiff's deposition transcript and related transcript expenses. Plaintiff has identified no defect in the Clerk's taxation and has not demonstrated that the costs were improperly or unnecessarily incurred.

Nor does Plaintiff's *in forma pauperis status*, standing alone, require that the taxed costs be waived. *See Calton v. City of Garland*, 170 F. App'x 338 (5th Cir. 2006). Likewise, the pendency of Plaintiff's appeal does not preclude the taxation or enforcement of costs at this stage. *See Galaviz v. Post-Newsweek Stations*, 2010 WL 1904334, at *1 (W.D. Tex. May 11, 2010). The Court therefore finds no basis to disturb the Clerk's taxation of costs.

IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff Katie Young's Motion for Review of Clerk's Taxation of Costs and Request to Waive Taxed Costs [115] is **DENIED**.

The Clerk's taxation of costs against Plaintiff in the amount of $958.50 [114] is **AFFIRMED**.

SO ORDERED, this the 24th day of September, 2026.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE